IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOE NATHAN JAMES, JR., Z-610, | : |
|     Plaintiff, | : |
| vs. | :   CIVIL ACTION 21-0453-CG-MU |
| STEVE MARSHALL, *et al.*, | : |
|     Defendants. | : |

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama death-row inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983.  This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).  After careful consideration, it is recommended that this action be dismissed without prejudice for lack of subject-matter jurisdiction.

### I.  Complaint.  (Doc. 1)

Plaintiff filed a § 1983 complaint on this Court's form naming as Defendants Alabama Attorney General Steve Marshall and Governor Kay Ivey.  (Doc. 1 at 5, PageID.5).  Plaintiff's general description of his claim is brief and set out below.

> The defendants have and continue to use the special
> Habeas Corpus Procedures of 28 U.S.C. §§ 2261-2266 that
> are reserved for States that qualify for opt-in status, under
> chapter 154[.]  [T]he defendants have benefited by speeding
> up filing deadlines, procedurally barring claims and appeals,
> and by a strict change in the scope of federal review[.]
> Therefore[,] I bring this suit on behalf of myself and other

> that are similarly situated because the State of Alabama does not qualify for opt-in status, specifically the State does not have a postconviction capital counsel mechanism in place and therefore does not meet the statutory requirements. [T]he defendants have procedurally barred claims in my appeal, have sped up my filing deadlines effecting the substance of my filings and have caused the scope of federal review to be narrowed, limiting the relief to be gained.

(*Id.*).  Plaintiff wants the Court to "order the defendant to restore all claims and appeals that have been barred or dismissed through use of the special procedures and cause a moratorium to issue in the State of Alabama on all executions." (*Id.* at 7, PageID.7).

### III.  Analysis.

A search of PACER (Public Access to Court Electronic Records) reflects that Plaintiff filed an unsuccessful petition for the writ of habeas corpus in the United States District Court for the Northern District of Alabama challenging his June 17, 1999 capital murder conviction from Jefferson County, Alabama, and its related July 19, 1999 death sentence.[1][2]  The district court's denial of habeas relief was affirmed by the Eleventh Circuit Court of Appeals, and a petition for the writ of certiorari was denied by the United States Supreme Court.  *See James v. Culliver,* 2:10-cv-02929-CLS-HGD, 2014 WL 4926178 (N.D. Ala. 2014) (unpublished), *aff'd*, *James v. Warden, Holman Corr. Facility,*

---

[1] The Court takes judicial notice of the U.S. Party/Case Index, PACER Service Center, available at *http://pacer.psc.uscourts.gov*.  *Grandinetti v. Clinton*, 2007 WL 1624817, at *1 (M.D. Ala. 2007).

[2] In the present complaint, Plaintiff states, in response to the complaint form's questions, that he was convicted of capital murder during a burglary on August 29, 1996, for which he received a sentence of death, and he began serving his sentence on November 4, 1996.  (Doc. 1 at 6, PageID.6).  He further indicates that no invalidation of either his conviction or sentence has occurred.  (*Id.* at 6-7, PageID.6-7). These dates coincide with Plaintiff's first trial for capital murder, which resulted in a conviction and death sentence, but which was remanded.  *James v. Culliver,* 2:10-cv-02929-CLS-HGD, Doc. 27 at 12 (Northern District's order denying habeas relief and reflecting the first trial began on August 26, 1996).  On remand, Plaintiff was convicted of capital murder on June 16, 1999 and was sentenced to death on July 9, 1999.  (*Id.* at 14-15).

2

957 F.3d 1184 (11th Cir. 2020), *cert. denied*, 141 S.Ct. 1463 (Mar. 1, 2021). After the first round of habeas review of his conviction and sentence, Plaintiff filed the present § 1983 action on October 15, 2021.[3] (Doc. 1).

"Federal courts have long recognized that they have an obligation to look behind the label" of *pro se* inmate filings to determine whether they are "cognizable under a different remedial statutory framework." *U.S. v. Jordan*, 915 F.2d 622, 624-25 (11th Cir.), *cert. denied,* 499 U.S. 979 (1991). When a claim is based on an inmate's conviction and/or sentence, the fundamental consideration in determining the statutory framework under which it will be analyzed is the effect of the claim on the plaintiff's conviction and/or sentence. *Hutcherson v. Riley,* 468 F.3d 750, 754 (11th Cir. 2006).

> "When an inmate challenges the circumstances of his confinement but not the validity of his conviction [ ]or sentence, then the claim is properly raised in a civil rights action under [Section] 1983. *Id.* (citation omitted)." But "if the relief sought by the inmate would either invalidate his conviction or sentence or change the nature or duration of his sentence, the inmate's claim must be raised in a [Section] 2254 habeas petition, not a [Section] 1983 civil rights action." *Id.*

*Rosa v. Finklestein,* 837 F. App'x 704, 706 (11th Cir. 2020) (brackets and parenthesis in original) (quoting *Hutcherson*, 468 F.3d at 754).

In the present action, Plaintiff is challenging the decisions made by federal courts that ruled on his habeas petition and upheld his capital murder conviction and death sentence. He wants the restoration of his claims and appeals, which, if granted, would

---

[3] In addition, Plaintiff recently filed other actions on the Court's docket, namely: *James v. Raybon, et al.,* CA 21-0437-CG-MU (§ 1983 action challenging the conditions of confinement in death-row cells); *James v. Raybon, et al.,* CA 21-0450-CG-MU (§ 1983 claims for a deprivation of property and denial of access to courts); and *James v. Jefferson County, et al.,* CA 221-0033-CG-MU (§ 1983 action challenging his death sentence).

reverse courts' rulings that barred or dismissed his claims and appeals using the opt-in procedures, and a moratorium. (Doc. 1 at 7, PageID.7). This request for relief undermines the validity of his conviction and sentence and the decisions affirming them, as does his request for a moratorium on executions.[4] *Id.* Thus, Plaintiff's complaint in essence is a petition for the writ of habeas corpus under 28 U.S.C. § 2254 as the requested relief would invalidate his conviction and sentence as they now stand. *See Nance v. Comm'r, Ga. Dep't of Corr.,* 981 F.3d 1201, 1211-12 (11th Cir.) (finding that "Nance's [§ 1983] complaint must be reconstrued as a habeas petition because an injunction preventing the State from executing a prisoner under its present law necessarily implies the invalidity of the prisoner's sentence"), *cert. granted, Nance v. Ward,* 2022 WL 129503 (U.S. Jan. 14, 2022). The *Nance* Court explained:

> Prisoners challenging their convictions or the duration of their sentences proceed exclusively through habeas, and prisoners challenging the conditions of their confinement proceed exclusively through section 1983. "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of [section] 1983." [*Preiser v. Rodriguez*, 411 U.S. 475, 490, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)]. Because a prisoner's challenge to the fact of his conviction or duration of his sentence falls at the "core of

---

[4] It appears that a moratorium has occurred when a statute imposing the death penalty has been found unconstitutional or through action by a state's executive. *See Baze v. Rees*, 533 U.S. 35, 88, 128 S.Ct. 1520, 1552-53 170 L.Ed.2d 420 (2008) (Scalia, J., concurring) ("There is simply no legal authority for the proposition that the imposition of death as a criminal penalty is unconstitutional other than the opinions in *Furman v. Georgia*, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), which established a nationwide moratorium on capital punishment that Justice STEVENS had a hand in ending four years later in *Gregg*"); *Gregg v. Georgia,* 428 U.S. 153, 198, 207, 96 S.Ct. 2909, 2937, 2941, 49 L.Ed.2d 859 (1976) (finding that Georgia's statutory system under which Gregg was sentenced to death after *Furman* appeared to satisfy *Furman's* concerns and did not violate the Constitution); *Furman v. Georgia*, 408 U.S. 238, 240, 92 S.Ct. 2726, 2727, 33 L.Ed.2d 346 (1972) (finding the Georgia and Texas statutes that imposed the death penalty violated the Eighth and Fourteenth Amendments as they imposed cruel and unusual punishment); *see also Kansas v. Marsh*, 548 U.S. 163, 126 S.Ct. 2516, 165 L.Ed.2d 429 (2006) (Scalia, J., concurring) (observing that an Illinois governor declared a moratorium upon the death penalty and ultimately commuted the all the state's death sentences).

> habeas corpus," such a challenge may not be brought in a complaint under section 1983. *Id.* at 489, 93 S.Ct. 1827. By contrast, a suit that does not "seek[ ] a judgment at odds with [a prisoner's] conviction or ... sentence" may be brought only under section 1983. *Muhammad v. Close*, 540 U.S. 749, 754–55, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004). "[A section] 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser*, 411 U.S. at 499, 93 S.Ct. 1827. In sum, "[i]ssues sounding in habeas are mutually exclusive from those sounding in a [section] 1983 action." *McNabb v. Comm'r, Ala. Dep't of Corr.,* 727 F.3d 1334, 1344 (11th Cir. 2013).

*Id.* at 1205-06 (second brackets not in original).

Furthermore, the Supreme Court's decisions in § 1983 actions also foreclose the use of § 1983 as a vehicle to challenge an outstanding conviction and sentence that have not been invalidated. *Wilkinson v. Dotson,* 544 U.S. 74, 81, 125 S.Ct. 1242, 1247-48, 161 L.Ed.2d. 253 (2005) ("Throughout the legal journey from *Preiser* to *Balisok,* the Court has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody. . . . These cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."); *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994) ("We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other

5

harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."); *cf. Abella v. Rubino,* 63 F.3d 1063, 1066 (11th Cir. 1995) (holding that a request for injunctive and declaratory relief in a § 1983 action that "challenge[s] the validity of the claimant's conviction or sentence and seek[s] release [is] simply not cognizable under § 1983") (brackets in original).  In the present action, no demonstration of the invalidity of Plaintiff's conviction and sentence has been made.  Consequently, § 1983 is not available to him to pursue his claims.

Thus, as a "functional equivalent" of a habeas action, this action is subject to 28 U.S.C. § 2244(b)(3)(A), which provides, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  Therefore, without authorization from the Eleventh Circuit Court of Appeals, this Court is without jurisdiction to consider Plaintiff's second or successive habeas petition.  *Rosa,* 837 F. App'x at 706 (affirming the dismissal for lack of jurisdiction as the § 1983 complaint was a successive habeas petition filed without the required the authorization); *accord Hutcherson,* 468 F.3d at 755 (affirming the dismissal of Hutcherson's § 1983 complaint based on Alabama's failure to adopt ABA Guidelines for Counsel in Death Penalty Cases as being the equivalent of a successive habeas petition that failed to meet § 2244(b)'s requirements); *Nance,* 981 F.3d at 1211-12 (11th

6

Cir.) (finding that the district court lacked jurisdiction because the § 1983 action was deemed to be a habeas petition, which was a second or successive petition due to the prior filing of a habeas petition). We have no authorization from the Eleventh Circuit allowing Plaintiff to file a second or successive habeas petition accompanied the filing of this action; therefore, this action is due to be dismissed for lack of jurisdiction. *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir.), *cert. denied*, 520 U.S. 1203 (1997) (holding that the § 1983 action was the "functional equivalent" of a habeas petition and subject to the law of successive habeas petitions, which caused the court to lack jurisdiction because the inmate had not applied for permission to file second habeas petition).

### III.  Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice because the Court lacks subject-matter jurisdiction.[5]

### **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations

---

[5] The Court notes that Holman Correctional Facility, where Plaintiff is incarcerated on Alabama's death row, is situated in the Southern District of Alabama.  (Doc. 1 at 4, PageID.4).  Thus, this Court would have concurrent jurisdiction with the United States District Court for the Northern District of Alabama over a properly filed habeas petition.  *See Rumsfeld v. Padilla,* 542 U.S. 426, 443, 124 S.Ct. 2711, 2722, 159 L.Ed.2d 513 (2004) ("For instance, § 2241(d) provides that when a petitioner is serving a state criminal sentence in a State that contains more than one federal district, he may file a habeas petition not only 'in the district court for the district wherein [he] is in custody,' but also 'in the district court for the district within which the State court was held which convicted and sentenced him'; and 'each of such district courts shall have concurrent jurisdiction to entertain the application.'").

contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE and ORDERED** this 4th day of February, 2022.

                                      **s/ P. BRADLEY MURRAY**
                                      **UNITED STATES MAGISTRATE JUDGE**